IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTOINE MANLEY, | * |
| Plaintiff, | * |
| v. | *  Civil Action No. SAG-21-2712 |
| AKEEM NELSON, OFC., | * |
| Defendant. | * |

***

## MEMORANDUM OPINION

Self-represented Plaintiff Antoine Manley filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was wrongfully arrested by Defendant Akeem Nelson. ECF Nos. 1, 7, 11, 12. Defendant filed a motion to dismiss asserting that the complaint was untimely because it was filed after the statute of limitations had expired. ECF Nos. 22, 22-1. Manley filed a response to Defendant's motion and Defendant has filed a reply. ECF Nos. 25, 26.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion will be denied.

### Background

On October 20, 2021, the Court received and docketed Manley's complaint. ECF Nos. 1, 1-1 at 1. The complaint had been mailed to this Court from the District Court of Maryland for Baltimore City, along with the envelope received by the state court indicating that Manley had mailed his complaint directly to the state court. ECF Nos. 1-1. The complaint received in this Court has multiple date stamps indicating that it was initially received by the state court on September 20, 2021, and then again on October 12, 2021. ECF No. 1.

In the complaint, as supplemented, Manley alleges that he was wrongfully arrested by Defendant Nelson in the City of Baltimore. ECF Nos. 1, 7, 11, 12. He initially states the date of

his arrest as February 12, 2018 (ECF Nos. 1, 7) and later corrects the date of arrest to be February 14, 2018.  ECF No. 11, 12.  Manley states that he was not at the crime scene, but was present at the arresting location because he was homeless at the time and living in a vehicle.  ECF No. 11-1 at 1.  He was in custody from the date of his arrest until the criminal charges were dismissed by an entry of nolle prosequi on September 18, 2018.  ECF No. 11.

In his motion, Defendant raises the affirmative defense that Manley's complaint should be dismissed because it was filed after the three year statute of limitations expired.[1]   ECF No. 22-1.  Defendant asserts that the claim accrued either on February 14, 2018, the date of Manley's arrest, or on September 18, 2018, the date the criminal charges were dropped and he was released from custody. Using either date, Defendant asserts, the complaint was untimely filed.   ECF No. 22-1.

In response to Defendant's motion, Manley states that on February 14, 2021, he was an "inmate on a mental health ward at Baltimore City Detention Center" and was "restricted of the items needed to file suit against defendant."  ECF No. 25 at 1. Manley also states that prior to September 18, 2021, he had criminal charges pending and was "transferred to a mental institution" because he was considered a threat to himself and others.  *Id.*

Manley also provides what appears to be a print-out of a case information sheet from a subsequent criminal proceeding filed against him on January 4, 2021 in the Circuit Court for Baltimore City, District Court, Case No. 0B02429728.  ECF No. 25-1.  The document indicates that on April 28, 2021, Manley was determined to be incompetent to stand trial and subsequently, on November 3, 2021, Manley was found to no longer be incompetent.  *Id.* at 2.  *See also* case information provided at: https://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis.

---

[1] Defendant initially states that Plaintiff filed the complaint on September 20, 2021, ECF No. 22-1 at 1, and then states the date the complaint was filed was October 10, 2021.  *Id.* at 5.  The September 20, 2021 date was the date stamped as received by the state court, not this Court. The October 10, 2021 date referenced appears to be an error, because the second date stamp affixed by the state court is October 12, 2021. This Court received the complaint from the state court on October 20, 2021.

In his reply, Defendant asserts that Manley cannot establish a basis for the mental incompetency tolling exception to Maryland's three-year statute of limitations for filing suit. ECF No. 26 at 2-3. Defendant also asserts that there is no basis to toll the statute of limitations based solely on incarceration. *Id.* at 3.

## Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, [Manley] need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The Court is mindful that Manley is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).

The statute of limitations is an affirmative defense that must be raised by a defendant, who also bears the burden of establishing the defense. Fed.R.Civ.P. 8(c), *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). At the motion to dismiss stage, the court does not normally

3

"resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman*, 494 at 464.

## Discussion

Manley filed his complaint pursuant to 42 U.S.C. § 1983.  Because § 1983 does not contain a statute of limitations, the Court must look to the most analogous state law for a personal injury action for the applicable limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).  In Maryland, the applicable statute of limitations for a personal injury action is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. Code § 5-101.

The statute of limitations may be tolled for equitable reasons, but only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutcherson,* 209 F.3d 325, 330 (4th Cir. 2000)).  Equitable tolling is available only when the plaintiff, despite his exercise of due diligence, had otherwise been prevented from pursuing his claim through no fault of his own. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974).

Maryland allows tolling of limitations for mental incompetence.  *See* Md. Code Ann., Cts & Jud. Proc. § 5-201(a). "The disability of mental incompetence is 'not a medical term but an imprecise legal one,' so it is 'the inability of the person, by reason of the incompetence, to understand that he or she has a cause of action and to take the necessary steps to file the action' that is the concern." *Kratz ex rel. Kratz-Spera v. MedSource Cmty. Servs., Inc.*, 228 Md. App.

4

476, 485 (2016) (quoting *Buxton v. Buxton*, 363 Md. 634, 646-47 (2001)). This tolling rule aims "to protect those who lack the mental capacity to comprehend and safeguard their legal rights." *Kratz ex rel.,* 228 Md. App. at 484. *See also Wilson v. Mount* Rainier Police Dept., Civil Action No. PX-23-1754, 2023 WL 5938654 (D. Md. Sept. 12, 2023).

Because Defendant has raised the statute of limitations in a motion to dismiss, the factual basis for the dismissal must appear on the face of the complaint. The complaint and supplements to the complaint are clear as to the date of Manley's arrest, but do not contain sufficient information to resolve whether Manley is entitled to tolling of the statute of limitations due to his mental status. Although Manley addresses tolling in his response to the motion to dismiss, this is insufficient to allow the Court to make a determination on the statute of limitations defense asserted by defendant because it is not clear from the complaint itself. *See Shifflette v. Anzalone*, Civil Action No. DKC-18-2074, 2019 WL 3457616 (D. Md. July 31, 2019).

## Conclusion

Accordingly, Defendant's motion to dismiss is denied, although Defendant will be free to re-raise the limitations issue at later stages of this proceeding. Defendant will be directed to answer or otherwise respond to the complaint within 28 days from the date of the Order. A separate Order follows.

May 28, 2024                                      /s/
Date                                                    Stephanie A. Gallagher
                                                           United States District Judge